**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| SHARITA DENISE PERRY,<br>Plaintiff(s)<br><br>v.<br><br>NOVO NORDISK A/S, and NOVO NORDISK INC.,<br>Defendant(s). | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: 2:26-cv-7402 |

**SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

## IDENTIFICATION OF PARTIES

**Plaintiff(s)**

1. Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Sharita Denise Perry ________________________________.

2. If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: N/A ________________________________, as N/A ____________________ of the estate of N/A ____________________, deceased.

3. If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): N/A ________________________________.

4. If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: N/A ________________________________.

**Defendant(s)**

5. Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

__X__ Novo Nordisk Inc.

__X__ Novo Nordisk A/S

_____ Eli Lilly and Company

_____ Lilly USA, LLC

_____ other(s) (identify): ________________________________

## JURISDICTION AND VENUE

6. City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

Belton, Missouri

7. State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

Missouri

8. State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

Missouri

9. City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

Belton, Missouri

10. Jurisdiction is based on:

__X__ diversity of citizenship pursuant to 28 U.S.C. § 1332

_____ other (plead in sufficient detail as required by applicable rules):

11. The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

United States District Court for the Western District of Missouri

12. Venue is proper in the District Court identified in Paragraph 11 because:

__X__ a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

_____ other (plead in sufficient detail as required by applicable rules):

______________________________________________________________

______________________________________________________________

13. If applicable, identify the citizenship of any additional Defendant(s) named above:

N/A

**PRODUCT USE**

14. Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

__X__ Ozempic (semaglutide)

_____ Wegovy (semaglutide)

_____ Rybelsus (oral semaglutide)

_____ Victoza (liraglutide)

_____ Saxenda (liraglutide)

_____ Trulicity (dulaglutide)

_____ Mounjaro (tirzepatide)

_____ Zepbound (tirzepatide)

_____ Other(s) (specify): ______________________________

15. To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

Plaintiff used the Ozempic from approximately July of 2021 to approximately October of 2023.

______________________________________________________________

______________________________________________________________

**INJURIES AND DAMAGES**

16. To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

_____ Gastroparesis

__X__ Other gastro-intestinal injuries (specify) Impairment of Gastric Emptying with Symptoms

_____ Ileus

_____ Ischemic Bowel/Ischemic Colitis

__X__ Intestinal Obstruction

_____ Necrotizing Pancreatitis

_____ Gallbladder Injury (specify) ______________________

_____ Micronutrient Deficiency

_____ Wernicke's encephalopathy

_____ Aspiration

_____ Death

_____ Additional/Other(s) (specify): ____________________________________

17. Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

Plaintiff's injuries occurred from approximately October of 2023 to approximately November of 2023.

Plaintiff further contends ongoing complications related to the underlying injuries may occur; Plaintiff does not waive any future complications.

18. In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental

anguish, and the following damages (check all that apply):

__X__ Injury to self

_____ Injury to person represented

__X__ Economic loss

_____ Wrongful death

_____ Survivorship

_____ Loss of services

_____ Loss of consortium

_____ other(s) (specify): ________________________________________

**CAUSES OF ACTION**

19. In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

_X___ Count I: Failure to Warn – Negligence

_X___ Count II: Failure to Warn – Strict Liability

_X___ Count III: Breach of Express Warranty/Failure to Conform to Representations

_X___ Count IV: Breach of Implied Warranty

_X___ Count V: Fraudulent Concealment/Fraud by Omission

_X___ Count VI: Fraudulent/Intentional Misrepresentation

_X___ Count VII: Negligent Misrepresentation/Marketing

_X___ Count VIII: Strict Product Liability Misrepresentation/Marketing

_X___ Count IX: Innocent Misrepresentation/Marketing

_____ Count X: Unfair Trade Practices/Consumer Protection (see below)

_X___ Count XI: Negligence

_X___ Count XII: Negligent Undertaking

_____ Count XIII: State Product Liability Act (see below)

_____ Count XIV: Wrongful Death

_____ Count XV: Loss of Consortium

_____ Count XVI: Survival Action

_____ Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

_______________________________________________

_______________________________________________

_______________________________________________

_______________________________________________

20. If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

N/A

_______________________________________________

_______________________________________________

b. Identify the factual allegations supporting those claims (by subsection, if applicable):

N/A

_______________________________________________

_______________________________________________

**** Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one***

***opportunity to amend." Opinion (ECF 465) at 74 n.33.***

21. If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

N/A

b. Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

N/A

c. Identify the factual allegations supporting those claims:

N/A

**** Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.***

22. If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? N/A_____. If so, attach such notice.

**RELIEF**

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages,

punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: September 25, 2026

By:

W. Cameron Stephenson

FL Bar No. 51599

Levin, Papantonio, Proctor, Buchanan, O'Brien,

Barr & Mougey, P.A.

316 South Baylen Street, Suite 600

Pensacola, FL 32502

cstephenson@levinlaw.com

+1(850) 435-7000

Name(s), Bar Number(s), Law Firm(s), Mailing Address(es), Email Address(es), and Phone Number(s) of Attorney(s) representing Plaintiff(s).